**E-FILED**
Tuesday, 28 November, 2006  10:53:46 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-CR-20003** |
| | ) | |
| **ERIC A. CURTNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>OPINION</u>

On January 5, 2006, Defendant, Eric A. Curtner, was charged by indictment with the offense of knowingly possessing a firearm, namely, a destructive device that was an explosive and incendiary bomb, commonly known as a "pipe bomb," that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). A jury trial commenced on October 10, 2006. On October 11, 2006, the jury returned a verdict of guilty as to the offense charged. This court scheduled a sentencing hearing for January 26, 2007, at 10:00 a.m.

On October 17, 2006, this court received a letter from Defendant. This court concluded that Defendant intended to file a Motion for New Trial based upon ineffective assistance of counsel. The letter was therefore filed as a pro se Motion for New Trial (#34). The Government was directed to file a response to the motion, and the Government filed its Response (#39) on November 22, 2006.

In his pro se Motion, Defendant contends that his counsel was ineffective because he failed to file a pre-trial motion to suppress, failed to object to false statements made by prosecution witnesses during the suppression hearing, and failed to adequately represent Defendant during the jury trial.

In its Response, the Government pointed out that, prior to trial, an evidentiary hearing was

held on Defendant's pro se motion to suppress.  In his pro se motion, Defendant challenged the validity of the traffic stop that led to the seizure of the pipe bomb.  Defendant was represented by counsel at the hearing.  Following the evidentiary hearing, this court denied Defendant's pro se motion to suppress.  This court concluded that the traffic stop and the seizure of the pipe bomb by the officers involved in the traffic stop were lawful.  In so holding, this court specifically found that the testimony of the officers was credible and the testimony of Defendant was not credible.  The Government further stated that, at trial, the Government's evidence established that Defendant was found in possession of a pipe bomb, Defendant admitted to the possession, and Defendant referred to the pipe bomb as a "fire bomb."  In light of this evidence, the strategy of the defense was to challenge Defendant's knowledge as to whether the pipe bomb was an explosive device.

The Government argued that Defendant, in his pro se Motion, provided nothing to overcome the presumption that his counsel's actions were part of a sound trial strategy in challenging the Government's evidence as to Defendant's knowledge of the offense.  The Government contended that Defendant did not establish that he is entitled to a new trial.  This court agrees.

To establish a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's performance prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  In assessing reasonableness, this court must start with a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  United States v. Yack, 139 F.3d 1172, 1176 (7th Cir. 1998), quoting Strickland, 466 U.S. at 689.  Therefore, the defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Yack, 139 F.3d at

1176, quoting Strickland, 466 U.S. at 689.  In order to show prejudice, the defendant must show that "but for his counsel's unprofessional errors, there is a reasonable probability that the result in his case would have been different."  Reeves v. United States, 255 F.3d 389, 393 (7th Cir. 2001).

This court has no trouble concluding that Defendant has failed to meet either of his burdens under the Strickland standard.  This court first notes that Defendant was represented by highly experienced counsel who, based upon this court's observations, ably represented Defendant at the evidentiary hearing on Defendant's pro se motion to suppress and at trial.  This court further concludes that Defendant has not shown that, but for any of the failures he ascribes to his counsel's performance, there is a reasonable probability that the result in his case would have been different.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion for New Trial (#34) is DENIED.

(2) This case remains scheduled for a hearing on Defendant's Motion to Continue Sentencing Hearing (#36) on December 4, 2006, at 2:00 p.m.

ENTERED this 28th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE