**E-FILED**
Thursday, 03 April, 2008  04:54:54 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 06-CR-20003** |
| ) | |
| **ERIC CURTNER,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion to Compel Attorney to Produce Documents (#75).  For the reasons that follow, Defendant's Motion (#75) is DENIED.

### BACKGROUND

On October 11, 2006, following a jury trial, Defendant was found guilty of knowingly possessing an unregistered firearm, namely a destructive device.  On April 30, 2007, a sentencing hearing was held and Defendant was sentenced to the Federal Bureau of Prisons for a term of 120 months.  During these proceedings, Defendant was represented by Attorney John Taylor of the Federal Public Defender's office.

On May 2, 2007, Defendant filed a Notice of Appeal.  The Seventh Circuit Court of Appeals appointed Susan S. Kister to represent Defendant on appeal, and John Taylor was terminated as Defendant's counsel.  Defendant's counsel on appeal moved to withdraw pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that she could not discern a nonfrivolous basis for the appeal.  On January 18, 2008, the Seventh Circuit entered an Order and agreed with Defendant's counsel that there were no nonfrivolous issues to be raised on appeal.  The Seventh Circuit therefore granted counsel's motion to withdraw and dismissed Defendant's appeal.  The Seventh Circuit's

mandate was filed in this court on February 28, 2008.  Defendant has one year from the date of the mandate to file a Motion under 28 U.S.C. § 2255.

On April 2, 2008, Defendant filed a letter with this court which this court has construed as a pro se Motion to Compel Attorney to Produce Documents (#75).  In his pro se Motion, Defendant asked this court to enter an order compelling his former attorney, John Taylor, to produce discovery, investigations and conclusions as well as any personal handwritten notes he wrote prior to, during and after trial.  Defendant stated that he needs this information "in order to perfect a 2255 motion."  Because this court concludes that Defendant is not entitled to the relief he has requested, his pro so Motion must be denied.

This court first concludes that, as a matter of policy, discovery material should not be available to prisoners for unfettered and uncontrolled use in the prison system.  This court further notes that it would never order an attorney to turn over handwritten notes, which is attorney work product, to a defendant.  This court additionally finds that Defendant has not offered sufficient reasons to justify the production of any of the requested material.  Defendant is not entitled to conduct a fishing expedition.  "Bald allegations that he needs the documents now will not do."  See United States v. Tolliver, 2007 WL 611236, at *2 (S.D. Ill. 2007).

This court notes that, once Defendant has filed his § 2255 Motion, he may petition the court for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.  See Tolliver, 2007 WL 611236, at *1.  Such discovery may be allowed in the discretion of the district court where a petitioner in a § 2255 proceeding has demonstrated good cause for such discovery.  See United States v. Davuluri, 2002 WL 1033097, at *1 (N.D. Ill. 2002).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Compel Attorney to Produce Documents (#75) is DENIED.

(2) The clerk is directed to send a copy of this Order to Defendant's former attorney, John Taylor.

ENTERED this 3rd day of April, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE
